By the Court.
 

 Counsel for relator contends that the relator is an employee with a contractual relationship existing between him and the respondents acting as an agency of the state, the duties of which agency are prescribed by statute, and that the performance of those duties may be compelled by mandamus.
 

 Certain sections of the General Code are pleaded in the petition as designating the respondent society as an agency of the state. Those sections relate only either to personnel of the board of trustees or to the
 
 *197
 
 duties of the society as custodian of memorial and historical properties.
 

 Blackstone’s Commentaries, Book III, Chapter 7, page 110, defines mandamus as follows:
 

 “A writ of
 
 mandamus
 
 is, in general, a command issuing in the king’s name from the court of king’s bench, and directed to any person, corporation, or inferior court of judicature within the king’s dominions, requiring them to do some
 
 particular
 
 thing therein specified, which appertains to their office and duty, and which .the court of king’s bench has previously determined, or at least supposes, to be consonant to right and justice.”
 

 That common-law definition was the genesis of Section 14 of the Act of March 9,1835 (33 Ohio Laws, 57), and Section 12283, General Code, which now defines mandamus as “a writ issued, in the name of the state, to * * * a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
 

 Counsel for relator has cited no provision of the Constitution or statute of this state specially enjoining upon the respondents the duty to employ the relator under either written or oral contract, to retain him in employment, to furnish him with reasons for removal and grant him a hearing thereon, or to reinstate and compensate him after his discharge.
 

 The demurrer to the petition is sustained and a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.